## COÖS.

---

### STATE *v.* CORBETT.

An indictment charging the prudential committee of a school-district with wilfully neglecting to give the district clerk the warrant for a district meeting, with the affidavit of posting endorsed thereon, as required by Gen. Laws, *c.* 87, *s.* 5, is bad if it does not allege that the warrant was duly issued and a copy or copies seasonably posted.

INDICTMENT, under *s.* 13, *c.* 262, Gen. Laws, found at the October term, 1883.    The indictment (matters of surplusage being omitted) charges that the respondent, on the twelfth day of March, 1883, at Errol, &c., " was prudential committee of school-district Number One in said Errol, duly qualified to act as such; and as such committee it was the duty of said Jacob P. Corbett to call the annual meeting of said school-district by issuing his warrant for the same and posting a copy thereof at the door of the school-house fourteen days at least prior to the date of the meeting, and to give to the clerk of the district, at or before the time of the meeting, the warrant with a certificate thereon, verified by oath, that a copy was posted, and at what time and place; . . . yet the said Jacob P. Corbett, prudential committee as aforesaid, wilfully neglected to give to the clerk of said district, at or before the time of said

meeting, the warrant with the certificate thereon, verified by oath, that a copy thereof was posted, and at what time and place: . . . contrary to the form of the statute," &c.

The respondent demurred.

*J. H. Dudley, Solicitor,* for the state.

*Drew & Jordan,* for the respondent.

SMITH, J. It is the duty of the prudential committee to issue his warrant for the annual meeting of his school-district, and to post a copy of the same, attested by himself as such committee, upon the door of the school-house, if there be any, otherwise at one or more public places in the district, fourteen days at least prior to the day of the meeting, at any time subsequent to the first Tuesday of January and prior to the second Tuesday of March. G. L., *c.* 87, *ss.* 1, 2, 3. The warrant with a certificate thereon, verified by oath that a copy was posted, and at what time and place, is required to be given to the clerk of the district at or before the time of the meeting, and he is required to record it in the records of the district. G. L., *c.* 87, *s.* 5. A public officer who wilfully neglects any duty of his office forfeits a sum not exceeding thirty dollars, if no other penalty is prescribed by statute for such neglect. G. L., *c.* 262, *s.* 13.

The duty of giving to the clerk of the district, at or before the time of the meeting, the warrant with the certificate and affidavit endorsed upon it required by statute, is not in terms imposed upon the prudential committee. But as no other officer is charged with this duty, a reasonable construction of the statute is that the duty is imposed upon the committee. And it is a duty which may be performed by him in person, or he may cause it to be done, as he may post or cause to be posted a copy of his warrant.

The indictment does not allege that a warrant was issued, or that a copy was posted. It would be impossible for the committee to certify to the posting of a copy of which there never was an original, or to give to the clerk a warrant that never was issued. An offence is committed if the committee wilfully neglects seasonably to issue the warrant and post a copy; or, if that duty has been performed, by his wilful neglect seasonably to return "the warrant" with the proper affidavit to the clerk. The latter offence cannot be committed if "the warrant" does not exist. Hence the necessity for alleging that the warrant was issued. Whether it is necessary to allege the date when the warrant was issued, or the time and place when and where the copy was posted, or the time and place when and where the meeting was called to be held, are questions we need not consider.

*Demurrer sustained.*

ALLEN, J., did not sit: the others concurred.